UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2063 FMO (AJWx) | Date | April 11, 2016 |
|---|---|---|---|
| Title | Eric Rosenbaum v. McDonald's Corp., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):        Attorney Present for Defendant(s):

None Present                                              None Present

**Proceedings:**      (In Chambers) Order to Show Cause

On March 25, 2016, plaintiff Eric Rosenbaum aka NORM ("plaintiff") filed a Complaint alleging claims for: (1) copyright infringement, 17 U.S.C. §§ 101, et seq.; (2) "unfair competition" under the Lanham Act, 15 U.S.C. § 1125(a); (3) misappropriation of likeness under Cal. Civ. Code § 3344; and (4) false advertising in violation of Cal. Bus. & Prof. Code §§ 17200, et seq. (See Dkt. 1, Complaint at ¶¶ 58-96).

The copyrighted work "at issue in this litigation" is located in Brooklyn, New York, and the alleged infringement occurred "in dozens of McDonald's restaurants in Europe and Asia." (See Dkt. 1, Complaint at ¶¶ 9 & 10). Copyright claims "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). The Ninth Circuit "interprets this provision to allow venue in any judicial district where . . . the defendant would be subject to personal jurisdiction." Unicolors Inc. v. Myth Clothing Co., Inc., 2016 WL 738289, *3 (C.D. Cal. 2016) (quoting Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1126 (9th Cir. 2010)). For federal courts located in California, "the jurisdictional analyses under state law and federal due process are the same." See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004); Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). Here, plaintiff alleges that "[v]enue in this judicial district is proper pursuant to 28 U.S.C. [§§] 1391 and 1400," (see Dkt. 1, Complaint at ¶ 4), but does not set forth the basis for venue or personal jurisdiction over defendant. (See, generally, Complaint). Accordingly, IT IS ORDERED that no later than **April 15, 2016**, plaintiff shall either show cause in writing why his claims should not be transferred to the Eastern District of New York or dismissed without prejudice for lack of jurisdiction over defendant. Alternatively, plaintiff may file a First Amended Complaint addressing the deficiencies set forth above.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | vdr |